UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE MICKENS and GLORIA J. MICKENS,

    Plaintiffs,

v().                                                                CASE NO: 8:10-cv-2083-T-26EAJ

CIRCUIT COURT TENTH JUDICIAL CIRCUIT, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court are several motions to dismiss the complaint filed by the *pro se* Plaintiffs, Ronnie and Gloria Mickens: (1) Defendant Polk County State Attorney's Motion to Dismiss (Dkt. 9); Defendant Polk County Property Appraiser's Motion to Dismiss and supporting memorandum (Dkts. 16 & 17); Defendants Stewart Title Guaranty Company and Stewart Title of Polk County's Motion to Dismiss (Dkt. 13); and Defendants Allen Damron Construction Co., Allen Damron and Debra Damron's Motion to Dismiss (Dkt. 10). Plaintiffs filed two responses in opposition. (Dkts. 20 & 23). After careful consideration of the Complaint (Dkt. 1), the Second Amended Complaint in this Court's prior case of <u>Mickens v. Tenth Judicial Circuit, et al.</u>, 8:05-cv-1115-T-26EAJ, and the applicable law, the Court concludes that the motions should be granted and the

Complaint dismissed with prejudice, even as to unserved Defendants Tenth Judicial Circuit Court, Second District Court of Appeal, and Polk County Sheriff's Office.

## BACKGROUND

The Plaintiffs brought an almost identical action in this Court five years ago in Mickens v. Tenth Judicial Circuit, et al., 8:05-cv-1115-T-26EAJ. The facts of this case and the state court procedural history of this case are set forth both in an order in this Court's prior case dated September 19, 2005,[1] and in the opinion of the Eleventh Circuit Court of Appeals affirming this Court's prior order on appeal in Mickens v. Tenth Judicial Circuit, 181 Fed.Appx. 865 (11th Cir. 2006) (unpublished opinion). The Eleventh Circuit held that the Rooker-Feldman[2] doctrine barred the Plaintiffs' claims against Stewart Title Guaranty Company (Stewart Title Guaranty), Stewart Title Company of Polk County, Florida (Stewart Title), and Allen Damron Construction Company (Damron Construction), Allen Damron, Debra Damron, Elaine Canady, and Edith F. Rewis, the so-called non-governmental defendants. The Eleventh Circuit held that the state-court judgments were rendered at the time the district court proceedings commenced, that the Plaintiffs failed to identify extrinsic fraud, and that the claims of all three state cases and the federal case were inextricably intertwined, thereby making the Rooker-Feldman

---

[1] See docket 46 in Case no. 8:05-cv-1115-T-26EAJ.

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

doctrine applicable. As to the Polk County defendants, the Eleventh Circuit held that the Plaintiffs did not and could not allege: (1) a conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985; (2) a denial of either procedural due process or substantive due process under 42 U.S.C. § 1983; (3) a denial of equal protection under 42 U.S.C. § 1983; or (4) Title VII race discrimination.

To the extent this complaint, together with Plaintiffs' affidavit attached to the complaint, seeks redress against state court rulings and judgments entered after the prior federal court case and therefore not covered by that prior order, this Court finds that the <u>Rooker-Feldman</u> doctrine would again operate as a bar to this case. According to Plaintiffs' affidavit, the Second District Court of Appeal per curiam affirmed a trial court ruling on July 7, 2010.[3] The affidavit contains no numbers other than the case numbers already considered in the prior federal case, which are Case Numbers 1997CA-455, 1998CA-1152, and 1998CA-2977.

## COMPARISON OF THE FEDERAL LAWSUITS

*Similar Counts*

A count-by-count comparison of the complaint in the prior district court case with the complaint in this case reveals significant overlap. First, the exact same parties that were sued in the prior federal case are sued again in this case. Second, most of the counts of the complaint in this case are verbatim or almost verbatim to the operative complaint in

---

[3] See docket 1, Aff. at para. 21.

the prior federal case. Counts I, II, III and IV of the present complaint seeking relief against Stewart Title Guaranty, Stewart Title, and Canady for the notary's failure to validate the Plaintiffs' signatures on the quitclaim deed, malfeasance in the conduct of official duties, false acknowledgment, and performance of prohibited activities are verbatim to counts X, XI, XII and XIII of the complaint in the prior action. Count V of the complaint in this case for equitable estoppel against Damron Construction, Stewart Title Guaranty, Stewart Title and the individual defendants is verbatim to count XIV in the prior action.

     Count VI of the complaint at issue against Damron Construction, Stewart Title Guaranty, Stewart Title and the individual defendants for "fraud" is similar to Count XVIII of the complaint in the prior action. The fraud described addresses Canady's action in recording the quitclaim deed allegedly knowing that the land was actually owned by the Plaintiffs, not Damron Construction, and refers to a conspiracy on the part of the defendants to procure the quitclaim deed and encumber Plaintiffs' property, all assertions having been raised in the prior federal case and having formed the basis of the state court cases. Counts VII, VIII, IX, and X in this action that assert cancellation of the quitclaim deed, quieting title, ejectment, and breach of the construction contract are verbatim to counts XXIII, XXIV, XXV, and XXVI of the complaint in the prior action. Counts XI, XII, and XIII in this case allege civil conspiracy, slander of title, and negligence against Stewart Title Guaranty, Stewart Title, Damron Construction, and the

individual defendants, and are almost identical to counts XVII, XXII, and XIX in the prior action. Counts XV, XVI, and XVIII in this action for conversion, fraudulent conveyance of legal title, and intentional infliction of emotional distress are almost identical to counts XX, XXI, and XV in the operative complaint of the prior case. Count XVII for malicious prosecution against Stewart Title Guaranty and Damron Construction is almost identical to count VII in the prior case.

Most of the remaining counts, specifically counts XIV, XIX, XX, XXI, XXII, XXIII, XXV, and XXVII contain similar allegations to those found in the complaint of the prior federal case, and will be examined further below. Counts XXIV and XXVI add one new fact that perhaps spawned this new action. As will be discussed later, this one new fact is insufficient to resurrect the old claims or to create new claims.

*Arguably New Counts*

The first count that does not appear verbatim in the prior case is count XIV alleging negligence against the Sheriff, the Property Appraiser, the State Attorney, the Tenth Judicial Circuit Court, and the Second District Court of Appeal. Plaintiffs merely set forth similar allegations from the prior case in a collection under the heading negligence. These allegations are directed to the events that led to the notarizing of the quitclaim deed outside the presence of the Plaintiffs. This exact factual scenario was pleaded in the prior federal and state cases. The Eleventh Circuit determined in the prior case that any causes of action that were not but could have been asserted in the prior

cases, both federal and state, are barred from being raised now under the Rooker-Feldman doctrine. There is nothing new in this count that would change the continued application of Rooker-Feldman.

Counts XIX, titled "fraud upon the court" against all defendants, describes the same facts from the complaint in the prior action— that Judge Strickland of the Tenth Judicial Circuit initially ruled in Plaintiffs' favor, yet the judgment in that case was overturned by the Second District Court of Appeal because the judgment was not supported by the record, and both parties, which includes the Plaintiffs, objected. See Allen Damron Const. Co. v. Mickens, 725 So.2d 1174 (Fla.Dist.Ct.App. 1998). It is apparent that Plaintiffs' desire is that Judge Strickland's ruling had never been overturned because they have not received a favorable judgment since that time. These allegations and rulings are barred by the Rooker-Feldman doctrine at this point, as was clearly stated by the Eleventh Circuit. Nothing has been alleged in the complaint to change the application of Rooker-Feldman to this count.

Count XX is a second conspiracy count with different allegations. Again, as in count XIX, Plaintiffs allege that the "state Defendants" conspired with the "non-state Defendants" to mischaracterize Judge Strickland's initial favorable ruling voiding the quitclaim deed, which was overturned. This contention has been decided against Plaintiffs and is barred from being relitigated by the Rooker-Feldman doctrine.

Counts XXI, XXII, XXIII, and XXV allege the claims of violations of procedural due process, substantive due process, "due process—stigmatization," and freedom of speech, through harming their reputation by depriving them of their property based on race, with slightly different facts than originally alleged in the prior federal case. These counts are brought against only the "state Defendants," which Plaintiffs deems the Polk County Sheriff, the Polk County Property Appraiser, the Polk County State Attorney, the Tenth Judicial Circuit Court, and the Second District Court of Appeals. All three of these counts, as do counts XIX and XX, recite the same facts pertaining to Judge Strickland's initial ruling over twelve years ago. Plaintiffs have failed to allege a "constitutionally-inadequate process" or these Defendants' failure to provide adequate procedures to substantiate a claim of a violation of procedural due process. See Cotton v.Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (reiterating that state must have the opportunity to remedy its own procedural failings before being subjected to procedural due process violation).[4] As to any violation of a substantive due process right, there is no government actor's conduct that would "shock the conscience" and no fundamental right has been articulated. See Tinker v. Beasley, 429 F.3d 1324, 1328-29 (11th Cir. 2005) (holding that

---

[4] See also Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865 (11th Cir. 2006) (unpublished opinion) (citing Horton v. Board of Cty. Comm'rs of Flagler Cty., 202 F.3d 1297, 1300 (11th Cir. 2000), which is relied on in Cotton).

in non-custodial settings, the government actor's conduct must be arbitrary or "shock the conscience" before qualifying as a substantive due process violation).[5]

Counts XXIV and XXVI rely on one new fact that was perhaps not in existence at the time of the filing of the prior federal or state cases: the comparators of Albert and Nancy Pascell. Count XXIV attempts to allege a claim for violations of equal protection pursuant to 42 U.S.C. § 1983, which is somewhat different from the equal protection claim alleged under count V of the complaint in the prior federal case. Count XXVI for violations of Title VII racial discrimination, which is similar to count VIII of the complaint in the prior federal case, also relies on the existence of the comparators. According to the complaint, the Pascells are outside of the Plaintiffs' protected class, and they were treated differently than Plaintiffs. Buried deep in the Plaintiffs' affidavit attached to their complaint in this case, Plaintiffs aver that Judge Curry of the Tenth Judicial Circuit ruled in favor of the Pascells on February 5, 2010, in Pascells v. Blanco, et al., "on the same or identical issues that involved a fraudulent quitclaim deed and mortgages."[6] No other fact or allegation is contained in the numerous papers submitted by Plaintiffs that show any relevance, much less commonality, between the Pascells' case and this case.

---

[5] See also Mickens v. Tenth Judicial Circuit, 181 Fed. Appx. 865, (11th Cir. 2006) (unpublished opinion) (citing Tinker).

[6] See docket 1, Aff. at para. 25.

Finally, count XXVII alleges a RICO violation against all "non-state Defendants." This count appears to be a conglomerate of all of the fraud allegations, submitted under the broad title of RICO. All of the fraud allegations were submitted in the complaint in the prior federal case, and have been determined barred by the Rooker-Feldman doctrine.

## ANALYSIS

All of the Defendants raise the Rooker-Feldman doctrine as a bar to this Court's consideration of this case. "The Rooker-Feldman doctrine places limits on the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). The Supreme Court limits the doctrine to cases "of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005); see also Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009). In Nicholson, the Eleventh Circuit decided to no longer apply the four-part test in Amos v. Glynn Cty. Bd. of Tax Assessors, 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003), and instead, to rely on the precise language of Exxon Mobil quoted above in determining whether the doctrine applies in any given case. After Exxon, "the relevant inquiry is whether the state court proceedings have ended" at the time the federal action is filed.

Nicholson, 558 F.3d at 1277. If the state court proceedings have ended and the case represents a state-court loser looking to reverse a state court judgment, then Rooker-Feldman doctrine applies to divest this Court of subject matter jurisdiction, and the case must be dismissed. Goodman, 259 F.3d at 1332 n. 6.

The case numbers cited in this complaint and attached affidavit are the same as those considered in the prior federal case. Other than the case referenced, Pascells v. Blanco, to which Plaintiffs were not parties, Plaintiffs cite to no new state court orders at issue. Apart from the failure to describe how the Pascells are "comparators" and how an act five years after the prior federal action was filed can give rise to a comparator situation, it is a judge who is accused of discrimination in issuing a ruling over which he had subject matter jurisdiction and therefore judicial immunity from suit, as is discussed below. In any event, the allegations of this complaint are directed to the same factual issues raised in the prior federal complaint and as such, any claims that could have but were not raised in that prior case can no longer be made. Hence, this Court finds that Rooker-Feldman, once again, bars this Court from exercising jurisdiction over this case.

## OTHER CONSIDERATIONS

Apart from the Rooker-Feldman doctrine, the Polk County State Attorney's motion is well-taken in that the state attorney enjoys Eleventh Amendment immunity from suit in matters of discretion to prosecute. "A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of

his office, is immune from an action for damages under § 1983." Elder v. Athens-Clarke Cnty., 54 F.3d 694, 695 (11th Cir. 1995) (citing Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). That his decision to prosecute or not to prosecute is alleged as part of a conspiracy "does not in any manner dilute immunity." Elder, 54 F.3d at 695; Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1282-83 (11th Cir. 2002).  This prosecutorial immunity is derived from judicial immunity. Elder, 54 F.3d at 695.  Thus, with respect to the many judges of the Tenth Judicial Circuit and the Second District Court of Appeal,  judicial immunity protects them also from suit unless they acted without jurisdiction.  See Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (holding that judges having subject matter jurisdiction of a case are immune from suit, including § 1983 action).[7]

Having concluded that the Rooker-Feldman doctrine applies to this case attacking the same state court cases that were considered in the prior federal court case, this Court is without subject matter jurisdiction, even as to the unserved Defendants.  It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Polk County State Attorney's Motion to Dismiss (Dkt. 9) is **GRANTED**.

---

[7] The Polk County Property Appraiser's motion is also well-taken.  There are absolutely no facts alleged in the complaint or the attached affidavit that implicate the Property Appraiser.

(2) Defendant Polk County Property Appraiser's Motion to Dismiss (Dkt. 16) is **GRANTED**.

(3) Defendants Stewart Title Guaranty Company and Stewart Title of Polk County's Motion to Dismiss (Dkt. 13) is **GRANTED**.

(4) Defendants Allen Damron Construction Co., Allen Damron and Debra Damron's Motion to Dismiss (Dkt. 10) is **GRANTED.**

(5) This case is dismissed with prejudice.

(6) The clerk is directed to terminate all pending motions/deadlines and to **CLOSE** the file.

**DONE AND ORDERED** at Tampa, Florida, on October 29, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record
Plaintiffs, *pro se*